8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Scott COLFAX, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent Ysarras RAMIREZ, Defendant-Appellant.
 Nos. 92-10016, 92-10017.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided Oct. 6, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants Robert Scott Colfax and Vincent Ysarras-Ramirez were convicted of conspiracy to distribute cocaine, possession of cocaine with intent to distribute and aiding and abetting the possession of cocaine with intent to distribute. 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2.
 
 
 4
 Ramirez appeals his convictions on four grounds. Pursuant to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Colfax has submitted a brief claiming there are no meritorious issues on appeal. In addition, Colfax has filed a pro se brief.
 
 
 5
 We affirm.
 
 DISCUSSION
 I. Ramirez's Appeal
 A. Identity of Confidential Informants
 
 6
 Ramirez first contends that the district court erred in failing to compel disclosure of the identities of two confidential informants who assisted in the investigation of this case. We disagree.
 
 
 7
 The government "has a limited privilege to withhold the identity of confidential informants." United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990); United States v. Sai Keung Wong, 886 F.2d 252, 255 (9th Cir.1989). To overcome the privilege, a defendant must demonstrate that disclosure is "relevant and helpful" to his defense "or is essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 627-628, 1 L.Ed.2d 639 (1957). "The mere suspicion that information will prove helpful is insufficient to require disclosure." United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir.1989), cert. denied, 494 U.S. 1089 (1990).
 
 
 8
 Ramirez argues that disclosure was necessary for him to establish a defense of entrapment. He claims that the district court's refusal to grant disclosure prevented him from establishing that the person who gave him the drugs was a government agent.
 
 
 9
 To establish an entrapment defense, a defendant must show "(1) that he was induced to commit the crime by a government agent; and (2) that he was not otherwise predisposed to commit the crime." United States v. Goodacre, 793 F.2d 1124, 1125 (9th Cir.), cert. denied, 479 U.S. 993 (1986); United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986). The district court found that Ramirez was not entitled to disclosure of the identities of the informants because he had not made a sufficient showing as to either element.
 
 
 10
 The district court's decision was well founded. Counsel for Ramirez offered no more than the speculation that the testimony of the informant "might" be helpful to establish entrapment. Ramirez made no showing that such information would actually be useful to his defense. In addition, he made no showing whatsoever that he was not predisposed to commit the crime.
 
 
 11
 Ramirez contends that even if the showing was insufficient to entitle him to disclosure, the district court should have conducted an in camera hearing to determine whether the information would be useful to his defense. We disagree. When a defendant fails to allege facts sufficient to indicate the need for disclosure, the district court can "justifiably consider an in camera hearing to be unnecessary." United States v. Fixen 780 F.2d 1434, 1440 (1986).
 
 B. Admission of Cash
 
 12
 Ramirez next contends that the district court erred in allowing the government to introduce evidence that large sums of cash were found at his mother's house and in her safety deposit box. Ramirez argues first that the evidence was irrelevant and second that its probative value was outweighed by its prejudicial impact. Fed.R.Evid. 403.
 
 
 13
 We reject both contentions. "[L]arge amounts of unexplained cash have been held to be 'more than only slightly' probative of intent and state of mind to enter upon a narcotics distribution scheme." United States v. Collins, 764 F.2d 647, 654 (9th Cir.1985) ( quoting United States v. Bernal, 719 F.2d 1475, 1479 (9th Cir.1983)). Substantial evidence linked Ramirez with the money. Ramirez had ready access to his mother's house. In the cabinet in which $125,000.00 was found Ramirez kept checkbooks bearing his name. The checkbooks listed the residence as his address. Finally, evidence of his mother's limited assets suggested that the money belonged to Ramirez.[1] The district court did not abuse its discretion in determining that the evidence was relevant.
 
 
 14
 Nor did the district court err in determining that the probative value of the evidence was not outweighed by the likelihood of prejudice. We reject Ramirez' contention that the evidence was only slightly probative. Moreover, Ramirez has offered no argument in support of his bare assertion that the evidence was "extremely prejudicial."
 
 
 15
 C. Admission of "Narcotics Ledger"
 
 
 16
 Ramirez next argues that the district court erred in admitting a notepad discovered in Colfax's apartment. At trial, Bakersfield Police Officer Brad Rourk testified that, based on his experience, he believed notations on the pad referred to drug quantities and prices. No evidence was introduced as to the author of the notations. Ramirez contends that the ledger should have been excluded because it lacked foundation and contained inadmissible hearsay.
 
 
 17
 This court addressed the precise question here involved in United States v. Huguez-Ibarra, 954 F.2d 546 (9th Cir.1992). In that case we rejected the contention that similar evidence should have been excluded for lack of foundation and on grounds of hearsay. There, as here, the evidence "was admitted to show the type of activities charged in the indictment were being carried out in the residence" rather than that the notations were accurate. Id. at 562. Thus, the hearsay rule was not implicated. Id. We held that "such evidence may come in if there is a sufficient showing of relevance and authenticity and if its probative value outweighs undue prejudice." Id.
 
 
 18
 The record here shows that the government did not seek to introduce the notepad to prove the truth of the matters asserted therein. The contents of the document were used to prove only that the notepad was, in fact, a drug ledger.[2]
 
 
 19
 Ample evidence connected Ramirez with the notepad. It was found in the bathroom of an apartment to which he had a key. Also in the bathroom were a toolbox with a lock to which Ramirez had a key, baggies of cocaine bearing Ramirez's fingerprints and a prescription with Ramirez's name on it. We therefore find that the district court did not abuse its discretion in admitting the notepad into evidence.
 
 D. Detective Bender's Opinion Testimony
 
 20
 Ramirez's final ground for appeal concerns the testimony of Bakersfield Police Officer Greg Bender, one of the officers involved in the investigation. During cross-examination counsel for Colfax asked Bender whether, in a report he prepared regarding the investigation, Bender had concluded that Colfax "was under domain and control of Mr. Ramirez." E.R. at 19. Over objection from counsel for Ramirez, Bender was permitted to state his opinion that Colfax was indeed under Ramirez's control. Ramirez argues that such testimony was improper opinion and unduly prejudicial.
 
 
 21
 Any error the district court may have committed in permitting the testimony was harmless. The evidence against Ramirez was overwhelming. Bender's comments regarding Ramirez's control of Colfax occupied a small portion of his lengthy testimony. Immediately after the remarks in question Judge Crocker cautioned the jury that "if they don't feel his basis is correct, they don't have to follow his opinion." E.R. at 19. In his jury instructions the judge again reminded the jury that it need not accept expert opinions.[3]
 
 II. Colfax's Appeal
 A. Pro Se Brief
 
 22
 Colfax has submitted a brief on his own behalf contending that the evidence was insufficient to support his convictions. Colfax cites United States v. Vasquez-Chan, 978 F.2d 546 (9th Cir.1992), in which we overturned the cocaine possession and distribution convictions of a housekeeper and a guest even though both knew that cocaine was in the house. We held that "[t]he defendant's mere proximity to the drug, her presence on the property where it is located, and her association with the person who controls it are insufficient to support a conviction for possession." Id. at 546.
 
 
 23
 Unlike the defendants in Vasquez-Chan, the evidence against Colfax demonstrates that he knowingly participated in an ongoing cocaine distribution network. In short, the evidence showed that Colfax allowed cocaine to be stored in his apartment in return for a steady supply of the drug for his own consumption. This course of conduct provides a sufficient basis for Colfax's convictions.
 
 B. Anders Brief
 
 24
 Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Colfax has submitted a brief in which he recites that he "has not found any arguably meritorious issues on appeal." Anders Brief at 1. We have conducted an independent review of the record and concur in counsel's conclusion.
 
 CONCLUSION
 
 25
 For the foregoing reasons, Appellants' convictions are AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Together, Ramirez's mother and father reported wages of just over $18,000.00 on their 1990 tax return. The same year the couple went into bankruptcy
 
 
 [2]
 The contents of a document may properly used for purposes of authentication. Fed.R.Evid. 901(b)(3)
 
 
 [3]
 "Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case." R.T. at 297