**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert CRUZ, Defendant-Appellant.**

**No. 85–1127.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1986.

Decided March 5, 1986.

---

Frederick Black, Asst. U.S. Atty., Agana, Guam, for plaintiff-appellee.

Jeffrey R. Siegel, Francis L. Gill, Del Priore, Unpinco & Gill, Agana, Guam, for defendant-appellant.

Before POOLE, BEEZER and KOZINSKI, Circuit Judges.

BEEZER, Circuit Judge:

Cruz appeals his conviction for distribution of heroin and conspiracy to distribute heroin. Cruz contends that the court abused its discretion by refusing to appoint expert witnesses pursuant to Fed.R. Crim.P. 17(b) and erroneously instructed the jury regarding entrapment. We AFFIRM.

## FACTS

Cruz was a drug dealer working in the Pablo Max organization in Guam. Cruz provided heroin to Kevin Kamekona and others. Kamekona was a DEA informant. Upon learning that indictments were pending, Cruz fled.

Prior to trial, Cruz requested the court to appoint a medical doctor and a psychiatrist at government expense. Cruz claimed that the expert witnesses would testify that Cruz, a drug addict, easily could have been induced to violate the law. The court denied Cruz' request.

At trial, Cruz pursued an entrapment defense. Cruz' theory was that the DEA sought revenge for Cruz' involvement in an automobile accident that resulted in severe injury to the wife of a DEA agent. Cruz claimed that Kevin Kamekona, acting as a DEA informant, caused Cruz to become addicted to heroin. Cruz objected to the proposed entrapment instruction on the grounds that the instruction would mislead the jury into believing that only paid law enforcement officials were government agents. The instruction stated:

The Defendant Robert Cruz has raised the defense of entrapment.

A defendant is not guilty of a crime if: First, that the idea of committing the crime came from Government agents and not from the defendant; and second, that the Government agents then talked defendant into committing the crime. However, simply giving defendant the opportunity to commit the crime is not the same as talking him into it. And three, that the defendant was not ready and willing to commit the crime before the Government agents talked him into it. Consider all of the facts when you decide whether the defendant would have

been ready and willing to commit the crime without the actions of Government agents.

The Government must prove beyond a reasonable doubt that the defendant was not entrapped by Government agents. Therefore, the Government must prove beyond a reasonable doubt at least one of the following:

One, that the idea for committing the crime came from the defendant, not the Government; two, that the defendant was not talked into committing the crime; or three, that the defendant was ready and willing to commit the crime before the Government agents talked to him about it.

If you find that the defendant committed the crime charged, but have a reasonable doubt as to whether he was entrapped by Government agents, you must find him not guilty.

Cruz requested the following additional language:

When Kevin Kamekona became a Government informer he also became a Government agent.

If you find that the Defendant was originally entrapped, and that the subsequent offenses by the Defendant were a product of that initial inducement by the Government informant, then you must find the Defendant Robert Cruz not guilty of the charge in the indictment.

The court adopted the proposed instruction and rejected Cruz' proffered additional language. Cruz was convicted and now appeals.

## DISCUSSION

### 1. The Entrapment Instruction

When reviewing a claim of error relating to jury instructions, the instructions must be viewed as a whole. Moreover, the adequacy of the entire charge must be evaluated in the context of the whole trial. A trial judge is given substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented. Finally, although a criminal defendant is entitled to an instruction regarding his theory of the case, challenges which merely pertain to the trial judge's language or formulation of the charge are reversible only for an abuse of discretion. *United States v. Marabelles,* 724 F.2d 1374, 1382–83 (9th Cir.1984) (citations omitted). "Moreover, 'an omission or an incomplete instruction is less likely to be prejudicial than a misstatement of the law.'" *United States v. Witt,* 648 F.2d 608, 610 (9th Cir.1981) (quoting *Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977)).

Cruz argues that the court's entrapment instruction was potentially misleading because it used the term "government agents" rather than "law enforcement officers or their agents." Cruz contends that the jury might have understood the term, "government agents," to include only paid law enforcement officers, such as DEA agents.

Many variations of entrapment instructions exist. Several include language that distinguishes between the law enforcement officer and the agent.[1] Some variations of the instruction refer to government agents alone.[2] Other variations refer to govern-

---

1. See Devitt & Blackmar, *Federal Jury Practice and Instructions* § 13.09 (Supp.1985); Federal Criminal Jury Instructions for the Seventh Circuit § 4.04, *reprinted in* S. Saltzburg & H. Perlman, Federal Criminal Jury Instructions, Appendix II at 30 (Michie 1985); Pattern Jury Instructions for the Fifth Circuit § 5, *reprinted in* S. Saltzburg & H. Perlman, *supra,* Appendix III at 18; *see also United States v. Gonzales-Beni-*

tez, 537 F.2d 1051, 1054 n. 3 (9th Cir.), *cert. denied,* 429 U.S. 923, 97 S.Ct. 323, 50 L.Ed.2d 291 (1976).

2. See Manual of Model Jury Instructions for the Ninth Circuit § 6.02 (West 1985); Federal Judicial Center; Pattern Criminal Jury Instructions § 54, *reprinted in* S. Saltzburg & H. Perlman, *supra* note 2, Appendix I at 31.

ment agents at some places in the instruction, but distinguish between the law enforcement officer and the agent at other places in the instruction.[3]

█ Cruz cites no case in which a court has rejected an entrapment instruction similar to the one given here. The two courts that have addressed the propriety of referring only to "government agents" have approved similar instructions. *See United States v. Hoppe,* 645 F.2d 630, 632–33 (8th Cir.), *cert. denied,* 454 U.S. 849, 102 S.Ct. 170, 70 L.Ed.2d 138 (1981); *United States v. Turner,* 490 F.Supp. 583, 594 (E.D.Mich. 1979), *aff'd,* 633 F.2d 219 (6th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981); *cf. United States v. Sheldon,* 544 F.2d 213, 220–21 (5th Cir. 1976) (reversing conviction in part because the trial court instructed jury that informant's conduct, as a matter of law, could not be attributed to government).[4]

█ The instruction given by the court correctly states the law. Entrapment will lie only when the government induces the violation; inducement by a private party is not entrapment. *United States v. Busby,* 780 F.2d 804, 805, 806–07 (9th Cir.1986); *United States v. Stewart,* 770 F.2d 825, 831 (9th Cir.1985); *United States v. North,* 746 F.2d 627, 630 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1773, 84 L.Ed.2d 832 (1985); *United States v. Rhodes,* 713 F.2d 463, 467 (9th Cir.), *cert. denied,* 464 U.S. 1012, 104 S.Ct. 535, 78 L.Ed.2d 715 (1983). Moreover, the first

sentence of Cruz' proffered instruction misstates the law. An informant is not necessarily a government agent. *See United States v. Busby,* 780 F.2d at 806–07; *United States v. Rhodes,* 713 F.2d at 467; *United States v. Hoppe,* 645 F.2d at 633.

█ Cruz also argues that even if the jury found that Cruz' initial sales were induced, the court's instruction erroneously would have allowed the jury to find that later sales were not induced. However, there was no error in allowing the jury to find that later sales were independent of the initial inducement. In *United States v. North,* 746 F.2d at 630, we held that an initial entrapment does not immunize a defendant from criminal liability for subsequent transactions that he readily and willingly undertakes. "Whether any initial entrapment extended through some or all of the later transactions was a question of fact" for the jury to decide. *Id.* Moreover, a jury might have understood the second sentence of the proffered instruction to have *required* a jury to find entrapment as to all transactions if the jury found that Cruz initially had been entrapped. The trial court's choice of language, therefore, constituted a proper exercise of its discretion.

**2. *The Motion to Appoint Expert Witnesses at Court Expense.***

█ Finally, Cruz argues that the district court abused its discretion by refusing to appoint a doctor and a psychologist pursuant to Fed.R.Crim.P. 17(b). This case is functionally indistinguishable from *United*

---

**3.** See *United States v. Pico-Zazueta,* 564 F.2d 1367, 1370 n. 7 (9th Cir.1977), *cert. denied,* 435 U.S. 946, 98 S.Ct. 1531, 55 L.Ed.2d 544 (1978); *United States v. Reynoso-Ulloa,* 548 F.2d 1329, 1339 (9th Cir.1977), *cert. denied,* 436 U.S. 926, 98 S.Ct. 2820, 56 L.Ed.2d 769 (1978).

**4.** Cruz cites *Carson v. United States,* 310 F.2d 558, 561 (9th Cir.1962), for the proposition that Cruz' proposed Devitt and Blackmar instruction was required. *Carson* is inapposite. Kamekona was an informant. Cruz points out no fact indicating that Kamekona was a "special

government employee." Cruz' reliance on *Sherman v. United States,* 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), is also misplaced because there was no evidence that Kamekona was an "active government informer" in the *Sherman* sense, and it was "patently clear" that the informer in *Sherman* actively induced the defendant to resume his drug habit and to obtain drugs for him. *See United States v. Busby,* 780 F.2d 804, 805, 807 n. 1 (9th Cir.1986); *United States v. Rhodes,* 713 F.2d 463, 467 (9th Cir.), *cert. denied,* 464 U.S. 1012, 104 S.Ct. 535, 78 L.Ed.2d 715 (1983).

*States v. Bernard,* 625 F.2d 854, 860 (9th Cir.1980), in which we held that denial of such a motion was not an abuse of discretion.

Therefore, we AFFIRM the district court.