995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Martin McDOUGAL, Defendant-Appellant.
 No. 89-50348.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Martin McDougal appeals his conviction, which followed a jury trial, for thirteen counts of possessing stolen mail in violation of 18 U.S.C. § 1708. McDougal claims, first, that the evidence was insufficient to support his conviction and, second, that the jury instructions misstated the law and were inadequate. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 A. Sufficiency
 
 3
 McDougal claims the government failed to prove that he knowingly possessed stolen mail. Evidence is sufficient to support a conviction if, "viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 
 4
 McDougal was arrested in December 1988 for cashing $500 worth of missing Barclays Bank Visa cashiers checks. He told postal inspectors that he had purchased the $500 worth of checks for $300 from a Pakistani man at Los Angeles International Airport, and that he had called Visa's toll-free number before cashing them to ascertain that they had not been lost or stolen.
 
 
 5
 The evidence showed the checks had been sent ten months earlier from Canada to Los Angeles by way of Chicago in a registered mail parcel. The parcel had been accounted for in Chicago and dispatched on a regular flight to Los Angeles because the registered mail flight had been cancelled. When the flight arrived in Los Angeles on February 28, 1988, the sealed pouches containing registered mail had not been claimed by a registry employee and taken to the airport mail facility. Instead, it appears, a regular airline employee delivered the pouches to the mail facility, where an inventory revealed that the parcel sent from Canada containing $37,500 worth of unsigned travelers checks was missing.
 
 
 6
 The evidence also showed that on the night when the parcel was to have arrived, McDougal was working as a plant maintenance mechanic at the Los Angeles airport, and that his work gave him access to the air fields. A handwriting and fingerprint expert testified that McDougal's handwriting and fingerprints appeared on $11,500 of the missing cashier's checks, all of which had been negotiated at different businesses between October and December 1988.[1] Finally, a Visa program administrator testified that Visa does not provide information about travelers checks to individuals who call the 800 number, but only to merchants.
 
 
 7
 We conclude this evidence was sufficient to sustain McDougal's conviction. The jury could reasonably have concluded that the checks had been stolen, and, in light of discrepancies between McDougal's story and the evidence, that, however he came to posses them, he knew they were stolen.
 
 B. Jury Instructions
 
 8
 McDougal challenges the district court's "possession of recently mailed property" instruction on the grounds that the term "recently" was not properly defined, and that the instruction was inapposite to this case.[2] He claims further that the instruction infringed on his Fifth Amendment privilege not to testify by leading the jury to think he had to explain his possession of the travelers checks.
 
 
 9
 A district court has substantial latitude to tailor jury instructions to fit the issues. United States v. Cruz, 783 F.2d 1470, 1472 (9th Cir.1986). We review jury instructions for abuse of discretion, looking to "the adequacy of the entire charge ... in the context of the whole trial." United States v. Mundi, 892 F.2d 817, 818 (9th Cir.1989), cert. denied, 111 S.Ct. 1072 (1991). We review de novo whether the instructions correctly explained the law. Id., 892 F.2d at 818.
 
 
 10
 Jury instructions concerning "recently stolen" property have been upheld in the Supreme Court and in other circuits in cases where the period of time between the disappearance and the possession of property was longer than eight months. See Barnes v. United States, 412 U.S. 837, 843-46 & n. 3 (1972); United States v. Johnson, 741 F.2d 854, 857 & n. 2 (6th Cir.), cert. denied, 469 U.S. 1075 (1984) (thirteen months); United States v. Underwood, 588 F.2d 1073, 1078 (5th Cir.1979) (nineteen months); United States v. Altom, 454 F.2d 289 (7th Cir.), cert. denied, 406 U.S. 917 (1972) (fifteen months). In those cases, as here, the district court instructed the jury that it could, but need not, draw the inference of guilty knowledge from a defendant's possession of missing property. The Supreme Court concluded that an instruction like the one the district court gave here did not violate the Fifth Amendment, noting that "[i]ntroduction of any evidence, direct or circumstantial, tending to implicate the defendant in the alleged crime increases the pressure on him to testify. The mere massing of evidence against a defendant cannot be regarded as a violation of his privilege against self-incrimination." Barnes, 412 U.S. at 847.
 
 
 11
 Here, the evidence showed that McDougal cashed the first of the missing checks eight months after they were dispatched to Los Angeles International Airport. The district court reminded the jury that it was not compelled to draw any inference from McDougal's possession of the checks, that "the longer the period of time since the mailing, the more doubtful the inference of theft and knowledge from unexplained possession become," and that McDougal's failure to take the stand should not affect its deliberations in any way. We conclude that the jury instruction was appropriate and correctly stated the law. See Mundi, 892 F.2d at 818. Therefore, we discern no abuse of discretion in the district court's charge to the jury.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McDougal's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note with disfavor the Public Defender's blatant failure to mention the evidence introduced at trial showing that McDougal possessed $11,000 more in missing checks than he could explain. There appears to be no excuse for such a mischaracterization of the record
 
 
 [2]
 The district court charged the jury as follows
 From evidence that the defendant was in actual possession of property which had been recently deposited in the mails in an envelope container properly addressed and which was never received by the addressee or by anyone authorized to receive the property on his or her behalf, you may draw inferences and find that the property had been stolen from the mails and that the defendant knew it had been stolen, unless the defendant's possession was satisfactorily explained. I say that you may draw these inferences. You are not compelled to do so. The term "recently" is a relative term, and has no fixed meaning.