76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Suen Man TANG; Ren Hai, Defendants-Appellants.
 Nos. 92-10036, 92-10037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Submission Vacated Oct. 19, 1993.
Resubmitted Jan. 31, 1996.
Decided Feb. 2, 1996.
 
 Before: FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Suen Man Tang and Ren Hai appeal on various grounds their convictions of: conspiracy to distribute heroin in violation of 21 U.S.C. § 846, possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1).
 
 
 3
 AFFIRMED in part. REVERSED and REMANDED in part.
 
 I. Sufficiency of the Evidence
 
 4
 Tang and Hai argue that the government failed to present sufficient evidence to rebut their entrapment defense. To do this, the government must prove predisposition beyond a reasonable doubt. Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992).
 
 
 5
 There is sufficient evidence to support a conviction if, in viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). We consider five factors when determining predisposition: "(1) the character or reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.) cert. denied, 488 U.S. 866 (1988). Considering these factors, we hold that there was sufficient evidence presented at trial to enable a rational trier of fact to conclude that Tang and Hai were predisposed to commit the charged offenses.
 
 II. Instruction on Predisposition
 
 6
 Tang and Hai argue that the district court erroneously instructed the jury on the issue of predisposition. During its deliberation, the jury submitted a note to the judge that read: "At the point of entrapment do all elements of entrapment (persuasions, previous intention) have to be present, or can evidence of previous disposition occur at a later date?"
 
 
 7
 The district court judge responded to this note by instructing the jury that:
 
 
 8
 in determining whether there is entrapment in this case you can consider all of the evidence in the case in making that determination [ ] without regard to the [ ] time frame.
 
 
 9
 As long as the evidence is pertinent to the determination that you will have to make; which is, whether the government has met its burden of proving that the defendants who are claiming entrapment were not entrapped.
 
 
 10
 Although predisposition must be established prior to government inducement, United States v. Jacobson, 112 S.Ct. 1535, 1541 (1992), the jury can consider later actions that were independent of any initial inducement as evidence of predisposition. United States v. Cruz, 783 F.2d 1470, 1473 (9th Cir.1986). The jury can consider evidence "during the later course of dealing" that establishes predisposition. United States v. North, 746 F.2d 627, 630 (9th Cir.1984). A district court's formulation of jury instructions is reviewed for an abuse of discretion. United States v. Vaandering, 50 F.3d 696, 702 (9th Cir.1995). This instruction was a proper exercise of the court's discretion.
 
 III. The Firearm Instructions
 
 11
 Tang and Hai contend that the district court erred in instructing the jury on the crime of using a firearm during a drug trafficking crime. They argue that their convictions under § 924(c)(1), based on Li's firearm possession, should be reversed on two different grounds.
 
 
 12
 A. Use of the word "or" rather than "and"
 
 
 13
 Tang and Hai were convicted on Count Five under 18 U.S.C. § 924(c)(1) which states:
 
 
 14
 Whoever, during and in relation to any crime of violence or drug trafficking crime, ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years ...
 
 
 15
 The district court twice instructed the jury that the government had to prove that the firearm was used "during or in relation to" a drug trafficking crime. Tang and Hai argue that the district court's improper use of the word "or" rather than "and" in the phrase "during and in relation to" constitutes reversible error.
 
 
 16
 Since Tang and Hai did not object to these instructions at the time of trial, we review only for plain error. United States v. Ponce, 51 F.3d 820, 830 (9th Cir.1995). Plain error is a highly prejudicial error affecting substantial rights. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991). Such error is only found where necessary to prevent a miscarriage of justice or to maintain the integrity of the judicial process. Ponce, 51 F.3d at 830.
 
 
 17
 Although the use of the word "or" rather than "and" to define a violation of § 924(c)(1) was improper, United States v. Negrete-Gonzales, 966 F.2d 1277, 1281 (9th Cir.1992), any potential harm from this was ameliorated when the court listed the elements that the government must prove to convict Tang and Hai on Count Five:
 
 
 18
 First, Shao Rong Li conspired to distribute heroin.
 
 
 19
 Second, Shao Rong Li was a member of the conspiracy charged in Count 1 of the indictment.
 
 
 20
 Third, Shao Rong Li carried or used a firearm in furtherance of the conspiracy.
 
 
 21
 And fourth, other defendants were members of the same conspiracy.
 
 
 22
 The fact that the jury was instructed that it could convict only if Li carried or used the firearm "in furtherance of" the conspiracy clarified the potentially misleading use of the word "or" rather than "and". The inquiry is "whether or not the instructions taken as a whole were misleading or represented a statement inadequate to guide the jury's deliberations." United States v. Nordbrock, 38 F.3d 440, 445 (9th Cir.1994). These instructions, taken as a whole, were adequate to guide the jury's deliberations and do not constitute plain error.
 
 B. Co-conspirator liability under § 924(c)
 
 23
 Tang and Hai also argue that the district court erred by refusing to give a foreseeability jury instruction in the context of co-conspirator liability. Co-conspirator Shao Rong Li was arrested, while in the same hotel room as Tang and Hai, with a loaded .38 caliber revolver.
 
 
 24
 Under the rule first announced in Pinkerton v. United States, 328 U.S. 640, 645 (1946), each conspirator may be held liable for the criminal act of a co-conspirator if: "1) the substantive offense was committed in furtherance of the conspiracy, and 2) the offense could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement." United States v. Castaneda, 9 F.3d 761, 765 (9th Cir.1993). A conviction under § 924(c) may be based on Pinkerton. Id.
 
 
 25
 In United States v. Douglass, 780 F.2d 1472 (9th Cir.1986), we announced the elements of Pinkerton co-conspirator liability:
 
 
 26
 Under the rule first enunciated in Pinkerton v. United States, 328 U.S. 640 (1946), each conspirator is liable for the criminal acts of his co-conspirators as long as the following conditions are met: (1) the substantive offense was committed in furtherance of the conspiracy; (2) the offense fell within the scope of the unlawful project; and (3) the offense could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement.
 
 
 27
 Id. at 1475-76.
 
 
 28
 In United States v. Gaudin, 28 F.3d 943 (9th Cir.1994) (en banc), aff'd 63 U.S.L.W. 4611, we held that failing to submit an element of a crime to the jury is "fundamental structural error." Id. at 951. "It would not be faithful to the Sixth Amendment for the judge to decide the factual component of the element necessary to constitute the crime." Id. at 949. We then limited the scope of the inquiry on appeal. "When proof of an element has been completely removed from the jury's determination, there can be no inquiry into what evidence the jury considered to establish that element because the jury was precluded from considering whether the element existed at all." Id. at 951.
 
 
 29
 We hold that reasonable foreseeability is an element of Pinkerton co-conspirator liability that must be specifically decided by the jury. The district court erred when it refused to submit this element to the jury. Under Gaudin, "such an error cannot be harmless." 28 F.3d at 951. The convictions on Count five, for using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1), are REVERSED and REMANDED for a new trial. The convictions on Counts 1-4 and 6-7 are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3