UNITED STATES of America

v.

Lawrence D. BEVERLY, Larry Beverly, Appellant in No. 83–1306.

UNITED STATES of America

v.

Dorrie Eugene ADAMS, Appellant in No. 83–1324.

Nos. 83–1306, 83–1324.

United States Court of Appeals, Third Circuit.

Argued Nov. 14, 1983.

Decided Dec. 16, 1983.

Jeffrey L. Staniels (argued), Asst. Defender, Defender Ass'n of Philadelphia, Philadelphia, Pa., for appellant in No. 83–1306.

Robert E. Madden (argued), Higgins & Madden, Philadelphia, Pa., for appellant in No. 83–1324.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Dennis O. Wilson (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS, BECKER, and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On February 28, 1983 Dorrie Adams and Lawrence Beverly were convicted by a jury on a two count indictment charging them with conspiring to destroy and attempting to destroy a government building by fire. On appeal, they raise a number of points, including a serious question about the government's role in these crimes. Although we are troubled by the tactics em-

ployed by the government's agents, we affirm the convictions.

In October 1982, a paid informant introduced Adams and Robert Brown to Darrell O'Connor, a Special Agent of the Bureau of Alcohol, Tobacco and Firearms. The informant had previously explained that O'Connor could help Adams make a considerable sum of money. O'Connor told Adams and Brown that he was looking for someone to burn a building owned by a friend. He offered $3,000.00 for the job, provided that Adams could prove that he was an experienced arsonist. At this and subsequent meetings, Adams gave repeated assurances that he had burned down several buildings, although at trial he denied that these representations were true and claimed that he was simply trying to impress his potential employer. Upon the request of O'Connor and Detective Wayne McGlotten of the Philadelphia Police Department, who posed as the owner of the building to be burned, Adams subsequently pointed to an abandoned building as an example of his previous work. McGlotten and O'Connor testified that the building did not appear to have been burned and that the Fire Marshal had no record of a fire on the property.

After Brown withdrew from the arson scheme, O'Connor asked Adams whether he had found another partner. Adams replied that he had recruited Beverly. Beverly told O'Connor that he had never committed arson but was willing to go along. Both Adams and Beverly appeared to be in financially distressed circumstances.

Following the purchase of a gasoline can, paint supplies and hats (so that the defendants could disguise themselves as painters), O'Connor brought Adams and Beverly in a government car to a service station, bought gasoline, ascertained that Adams had matches, drove the defendants to a building owned by the government, and looked on while they were arrested. A jury found Beverly and Adams guilty of conspiring and attempting to destroy a government building by fire. Timely appeals were then filed.

■ Appellants advance several points before this Court, two of which can be easily decided. First, Beverly asserts that the trial court erred in holding that Adams was not a government agent who induced Beverly to join a criminal enterprise. In so ruling, however, the trial court was simply following the law of this and several other Circuits that an entrapment defense cannot be predicated on the actions of a party who has not agreed explicitly or implicitly to help the government make its case against the person who complains of entrapment. *See, e.g., United States v. Dove,* 629 F.2d 325, 329 (5th Cir.1980); *United States v. Twigg,* 588 F.2d 373, 381 (3d Cir.1978). Second, Adams asserts that the trial court erred in refusing the request to charge the jury to consider Adams' background and the nature of the inducement. The trial court, however, simply followed the law of this Circuit that the standard instruction be given when entrapment is offered as a defense. *Government of the Virgin Islands v. Cruz,* 478 F.2d 712, 717 n. 5 (3d Cir.1973); 1 E. Devitt & C. Blackmar, *Federal Jury Practice & Instructions* § 13.13 (1970).

The final argument raised on appeal gives us greater pause. Both defendants assert that the government's conduct in these cases deprived them of their right to due process of law. They refer us to *United States v. Twigg,* 588 F.2d 373, 379 (3d Cir.1978), for the proposition that "fundamental fairness will not permit any defendant to be convicted of a crime in which police conduct was 'outrageous.'" The majority in *Twigg,* however, relied on *United States v. West,* 511 F.2d 1083 (3d Cir.1975), which, in our view, has been limited by *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), and *United States v. Jannotti,* 673 F.2d 578 (3d Cir. 1982).

■ Unlike the entrapment defense, the argument defendants now raise is constitutional and should be accepted by a court only to "curb the most intolerable government conduct." *Jannotti, supra,* 673 F.2d at 608. The Supreme Court has admonished us that the federal judiciary should

not exercise " 'a Chancellor's foot' veto over law enforcement practices of which it [does] not approve." *United States v. Russell,* 411 U.S. 423, 435, 93 S.Ct. 1637, 1644, 36 L.Ed.2d 366 (1973). We are not prepared to conclude that the police conduct in this case shocked the conscience of the Court or reached that "demonstrable level of outrageousness" necessary to compel acquittal so as to protect the Constitution. *Hampton, supra,* 425 U.S. at 495 n. 7, 96 S.Ct. at 1653 n. 7 (Powell, J., concurring). This conclusion, however, should not be construed as an approval of the government's conduct. To the contrary, we have grave doubts about the propriety of such tactics. Although we cannot say that such conduct in and of itself violates the Constitution, it may illustrate the necessity for greater oversight so that questionable police practices can be curbed before they violate our most fundamental laws.

The judgment of the district court will be affirmed.