UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark GOODACRE,
Defendant-Appellant.

No. 85–1152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 1985.

Decided July 17, 1986.

Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Diana Samuelson, San Francisco, Cal., for defendant-appellant.

Before WRIGHT, KENNEDY, and BEEZER, Circuit Judges.

KENNEDY, Circuit Judge:

The appellant, Mark Goodacre, challenges his convictions, following a conditional guilty plea, for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The sole contention on appeal is that the district court erred in ruling that an offer of proof did not show the requisite degree of government responsibility for an alleged entrapment to submit the entrapment question to a jury. We reject the argument and affirm.

The events leading to Goodacre's indictment and guilty plea were as follows. An informant revealed to government officers that one Livingston was selling cocaine and that Livingston's source was someone the informant had met but knew only as "Mark." At the government's direction, the informant bought cocaine from Livingston on November 1, 1984. The sale was at the home of one Ernie Casells, a suspected cocaine dealer. When shown photographs of Casells' known associates, the informant identified appellant Goodacre as the "Mark" he believed to be Livingston's source. Government officers directed the informant to arrange another buy from Livingston. On November 10, 1984, Livingston, accompanied by Goodacre, met the informant to complete the second transaction. Livingston and Goodacre were arrested.

Livingston was charged in a case not now before us. Goodacre was charged in Count I with conspiracy to distribute cocaine and in Count II with distribution of cocaine on November 1. A third count was later dismissed. Goodacre requested an in limine ruling on the availability of the entrapment defense. An offer of proof al-

leged he joined Livingston in supplying cocaine to the informant only after Livingston, a desperate drug addict, made repeated pleas for drugs and promised him exorbitant sums of money. The offer of proof alleged that the informant not only asked Livingston to sell him cocaine but also suggested to Livingston that he obtain the cocaine from "Mark." Finally, the offer of proof averred that Goodacre was not predisposed to sell cocaine.

The district court ruled that Goodacre's offer of proof did not warrant jury instructions on entrapment, as the alleged entrapper, Livingston, could not be considered an agent of the government. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Goodacre entered a conditional guilty plea to Counts I and II of the indictment. The district court entered judgment, and Goodacre appeals.

■ Before a trial court will instruct a jury on entrapment, the defendant must present evidence of both elements of the defense: (1) that he was induced to commit the crime by a government agent; and (2) that he was not otherwise predisposed to commit the crime. *United States v. Busby*, 780 F.2d 804, 806 (9th Cir.1986). We need not reach the issue of predisposition here, because appellant fails to show sufficient evidence of government inducement.

■ Appellant does not deny that Livingston, the person who allegedly induced him to sell cocaine, was not a government officer. He also concedes that unlike the informant who approached Livingston, Livingston was not knowingly acting on behalf of the government. Finally, appellant concedes that he is not entitled to raise the defense of entrapment unless he sufficiently alleges government responsibility for his being induced to commit the crime; there is no defense of private entrapment. *See, e.g., United States v. Perl*, 584 F.2d 1316, 1320–21 (4th Cir.1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979). Nevertheless, appellant maintains that he was entitled to jury instructions on entrapment because, he asserts, the government specifically targeted him for commission of the crime. The thrust of appellant's argument is that government officers initiated the purchase of cocaine from Livingston intending specifically to have Livingston in turn obtain the cocaine from Goodacre.

On this record, Goodacre's factual premises are most doubtful. The government did not discover "Mark's" identity until after the November 1 transaction, and there is little to show that the informant urged Livingston to use "Mark" as the source of cocaine. Even assuming, however, that the government was interested in Goodacre as the ultimate target and used Livingston only to lead the investigation to Goodacre, there is no basis for imputing to the government Livingston's decision to use inducements to persuade appellant to supply him with cocaine. There is no allegation that the informant suggested to Livingston that he use inducements. It is not alleged that the informant coached or rehearsed Livingston to ensnare appellant, *see United States v. Myers*, 692 F.2d 823, 840 n. 13 (2d Cir.1982), *cert. denied*, 461 U.S. 961, 103 S.Ct. 2437, 77 L.Ed.2d 1322 (1983), or that the informant in any way directed or supervised Livingston's conduct, *see Busby*, 780 F.2d at 807. The record shows that Livingston retained significant freedom of action and discretion in determining the methods he would employ to procure cocaine for resale. Where the government suspects the existence of a drug distribution network and seeks to reach the prime distributor through one of his intermediaries, it may not be in a position to disclose its identity to the intermediary; and, if not, it may not be in a position to control or direct his actions. That was the case here. Livingston acted with a criminal purpose and intent of his own, unaware that he was acting for law enforcement officials. The alleged inducement of Goodacre was at the sole instance of Livingston, not the government. Accordingly, Livingston's actions, with reference to his supplier, cannot be attributed to the government.

■ It may well be that appellant would not have committed the crime but for the government's initiation of contact with Livingston. However, a mere causal connection between government conduct to activate a crime and its ultimate commission does not suffice for entrapment. The government and its officers must themselves be responsible for the conduct which implants a criminal disposition, or the defense will be unavailable. Here, the government was engaged in legitimate and permissible law enforcement activity when it directed its informant to approach Livingston and offer to buy cocaine from him. *See United States v. Russell*, 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973) (limited participation in activities of drug rings a permissible means of investi-

gation). That appellant was induced to sell cocaine as a result of the investigation that the government set in motion is not enough to give rise to a claim of entrapment.

Appellant failed to demonstrate the requisite degree of government responsibility for his being induced to commit the crime, and we hold as a matter of law that the offer of proof does not entitle appellant to raise the defense of entrapment.

Appellant's convictions under Counts I and II of the indictment are AFFIRMED.