993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Luis JOHNSON-JOHNSON, Defendant-Appellant.
 No. 92-30114.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 13, 1993.
 
 1
 Before: PREGERSON, and KLEINFELD, Circuit Judges, and LEGGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 A jury convicted Pedro Luis Johnson-Johnson ("Johnson") of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Johnson to 120 months' imprisonment under the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B). Johnson appeals his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.
 
 BACKGROUND
 
 4
 On June 17, 1991, Johnson, with co-defendant Sean Frye, attempted to purchase one kilogram of cocaine for $20,000 from Multnomah County (Oregon) Deputy Sheriff Brian Martinek (working undercover) and Sean Ferguson (a police informant). Before the drug transaction, Johnson had no contact with the undercover deputy Martinek or the police informant, Ferguson. Johnson had arranged the transaction through Frye.
 
 
 5
 At the end of the transaction, Johnson and Frye were arrested. The police officers on the scene advised Johnson and Frye of their Miranda rights. The police officers seized the cocaine, a small heroin sample, and money from Johnson. They also seized several items from Johnson's gym bag: a small digital gram scale, some plastic "gram" baggies, surgical gloves, and a small notebook containing written numbers.
 
 
 6
 Subsequently, during an inventory search of Johnson's car, police officers found a safe deposit key. On June 18, 1991, after obtaining a search warrant, the police officers searched the safe deposit box opened by the key in Johnson's car. Inside the box, the officers found $28,550 in cash and an envelope with dollar amounts written on it. A trained narcotics detection dog alerted to traces of drugs on the money.
 
 
 7
 Based on information gathered during their investigation, police officers obtained a second search warrant to search Johnson's U-Haul storage locker, his safe, and his apartment. The subsequent searches of these locations yielded other evidence connecting Johnson to drug-trafficking activity: a money counter, 2 digital scales, a baggy with heroin residue, a .357 Magnum handgun, a .22 caliber semi-automatic Ruger handgun, a safe deposit box key, a list of names and pager code numbers, an envelope with ledger amounts, invoices for pagers and airline tickets, latex gloves, some cocaine and some heroin.
 
 
 8
 On July 24, 1991, a grand jury issued an indictment charging Johnson with knowing attempt to possess with intent to distribute a quantity of substance containing cocaine in violation of 21 U.S.C. §§ 841 and 846. On September 12, 1991, Johnson filed a motion to suppress evidence derived from the searches of (1) the safe deposit box, (2) Johnson's car, (3) Johnson's U-Haul storage locker, and (4) Johnson's apartment. The district court denied this motion on September 26, 1991.
 
 
 9
 On November 19, 1991, Johnson filed a supplemental motion to suppress evidence derived from the searches of (1) the U-Haul storage locker, (2) Johnson's apartment, and (3) Johnson's safe. The district court denied the supplemental motion on the basis of its September 26, 1991 denial of the first motion.
 
 
 10
 On December 4, 1991, Johnson was tried by a jury, which found him guilty as charged. On March 2, 1992, the district court sentenced Johnson to 120 months' imprisonment under the 10-year mandatory minimum sentence provisions of 21 U.S.C. § 841(b). On appeal Johnson challenges (1) the district court's denial of his motions to suppress, (2) the district court's failure to give a jury instruction on entrapment, and (3) the district court's imposition of the mandatory minimum sentence under 21 U.S.C. § 841(b).
 
 DISCUSSION
 
 11
 I. Did the district court err by denying Johnson's motion to suppress evidence derived from the first search warrant?
 
 
 12
 We review a magistrate's determination that probable cause exists to issue a search warrant independently of the conclusion reached by the district court. United States v. Castillo, 866 F.2d 1071, 1076 (9th Cir.1988). We review the magistrate's determination that probable cause existed to issue a search warrant to see whether "under the totality of the circumstances, 'the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.' " Id. (quoting Illinois v. Gates, 462 U.S. 213, 238-39 (1983)). We will not reverse a magistrate's finding of probable cause unless it is clearly erroneous. Castillo, 866 F.2d at 1076.
 
 
 13
 Johnson contends that the police affidavit that accompanied the application for the first search warrant was based on "bald assertions" and speculation. He contends that there was no particularized information concerning Johnson to establish probable cause.
 
 
 14
 In United States v. Ayers, 924 F.2d 1468, 1479 (9th Cir.1991) (quoting United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987), we stated that " 'a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found.' " In addition, in United States v. Cardona, 769 F.2d 625, 630 (9th Cir.1985), we found that there was a sufficient connection between the defendant's drug transaction and the storage locker to be searched to establish probable cause, even though direct evidence did not tie the storage locker to the illegal activity.
 
 
 15
 Upon his arrest, polices officers seized from Johnson heroin and cocaine not involved in the transaction with the undercover deputy and drug paraphernalia. Johnson's safety deposit box key was found on the front seat of his car immediately following his arrest. In the affidavit in support of the first search warrant, an 18-year veteran of the county sheriff's office stated that, in his experience, drug traffickers keep money, records, and drugs in safety deposit boxes.
 
 
 16
 Under the totality of the circumstances, there was a substantial basis to conclude that probable cause existed to search the safety deposit box. Therefore, the magistrate's finding of probable cause was not clearly erroneous.
 
 
 17
 Because we find that the first search warrant did not lack probable cause, the evidence obtained under the second search warrant was not "fruit of the poisonous tree." See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).
 
 
 18
 II. Did the district court err by failing to give the requested jury instruction on entrapment?
 
 
 19
 Johnson requests that we review and overrule our line of cases that refuse to recognize "derivative entrapment." See, e.g., United States v. Bonanno, 852 F.2d 434, 438-39 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989); United States v. Goodacre, 793 F.2d 1124, 1125-26 (9th Cir.), cert. denied, 479 U.S. 993 (1986); United States v. Stewart, 770 F.2d 825, 831 (9th Cir.1985), cert. denied, 474 U.S. 1103 (1986). Even if we were inclined to do so, we are without authority to overrule existing circuit law. Morton v. De Oliveria, 984 F.2d 289, 292 (9th Cir.1993) (only court sitting en banc can overrule existing circuit precedent). The district court did not err by failing to give a jury instruction on entrapment.
 
 
 20
 III. Did the district court err by imposing the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(ii)?
 
 
 21
 We review de novo the legality of a sentence. United States v. Turner, 898 F.2d 705, 708 (9th Cir.), cert. denied, 495 U.S. 962 (1990). We review for clear error the district court's factual findings in the sentencing phase of the proceedings. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 22
 Johnson argues that the mandatory minimum sentence provisions of 21 U.S.C. § 841(b) are inapplicable to his case because the indictment failed to allege a specific quantity of cocaine. In United States v. Sotelo-Rivera, 931 F.2d 1317 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), we held the following: "Section 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing." Id. at 1319 (citing United States v. Rosales, 917 F.2d 1220, 1223 (9th Cir.1990); United States v. Walker, 915 F.2d 480, 486 (9th Cir.1990); United States v. Klein, 860 F.2d 1489, 1494-95 (9th Cir.1988); United States v. Kinsey, 843 F.2d 383, 391-92 (9th Cir.), cert. denied, 487 U.S. 1223 (1988)).
 
 
 23
 Because quantity is not an element of an offense under section 841(a), the government did not have the burden of pleading the quantity in the indictment or proving the quantity beyond a reasonable doubt in order for Johnson-Johnson to be subject to the enhanced penalty provisions of section 841(b)(1)(B). The district court did not err by imposing the mandatory minimum 10-year sentence under 21 U.S.C. § 841(b).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Charles A. Legge, U.S. District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3