**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4286

DESIREE JOHNSON, a/k/a Desiree
Idrissi,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-412)

Submitted: January 20, 1998

Decided: February 4, 1998

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. John C.
Keeney, Acting Assistant Attorney General, Mary Spearing, Chief,
Philip Urofsky, Trial Attorney, Helen F. Fahey, United States Attor-
ney, Fraud Section, Criminal Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Desiree Johnson appeals from her conviction of one count of possession with intent to distribute cocaine, 21 U.S.C.A. § 841(a)(1) (West 1994 & Supp. 1997), for which she was sentenced to fifteen months imprisonment, followed by three years of supervised release. For the reasons that follow, we affirm.

In 1995, the FBI received a tip from an inmate at Lorton Reformatory that a group of women, dressed as members of the Moorish Science Temple, were smuggling cocaine into the prison. An undercover operation was set up in which the informant introduced the women to an undercover FBI agent posing as a drug dealer. At each meeting between the undercover agent and the women, which were audiotaped and videotaped, the agent told the women that what they were doing was illegal and that they could back out at any time. Later, other women were recruited by the original women identified by the informant. One of these women was Frederica Wagoner who eventually recruited her cousin Barbara Wagner, who was Johnson's roommate.

On May 2, 1997, Johnson volunteered to accompany Wagoner, Wagner and five other women to Lorton. The women donned turbans and clothing to pose as members of the Moorish Science Temple and boarded vans to meet with the undercover agent in Springfield, Virginia. At the meeting, which was also videotaped, the agent explained to the women that he would pay them to smuggle cocaine into Lorton and that if any of them objected, she was free to "get up and leave" and also that "if there's anything that you don't want to do, you don't have to do [it]." Each of the women received cocaine and money from the undercover agent, concealed the cocaine on her body, and then drove to Lorton. At Lorton, Johnson signed in as "Sister D. Idrissi-el," met with the informant for a "religious meeting," and turned over the cocaine to him, which he, in turn, turned over to Lorton officials.

2

Johnson claimed at her trial that she was entrapped by Frederica Wagoner who, according to Johnson, misled her into believing that she was going on a "catering trip" to Lorton until she was "trapped" in Virginia. The district court instructed the jury on the entrapment defense, in part, as follows:

> An entrapment defense has two elements: Number one, Government-inducement of the crime. . . . and number two, the lack of predisposition on the part of the defendant to engage in criminal conduct. . . . the defense of entrapment requires that the Government or someone acting for the Government must have been the initiator of the defendant's illegal acts, in the sense of having induced the defendant to do what the defendant would otherwise not have been willing to do. . . .

> An individual who is not aware that she's participating in a Government undercover operation and whose actions, although they aided the Government, were intended to further her own economic interests, may or may not become a Government agent for the purposes of the entrapment defense. What I mean by that is that the issue or one of the issues in this case is going to be whether or not Fredericka [sic] Wagoner can be construed to be a Government agent. . . . So you have to decide whether or not Fredericka [sic] Wagoner was a Government agent, and if so, when did she become a Government agent and the extent to which the Government was controlling her conduct if at all.

Johnson claims on appeal that the jury should have been instructed that "an intermediary who is not aware that she is participating in a government undercover operation is an agent of the Government for purposes of the entrapment defense." (Appellant's Br. at 9).

A district court's denial of a requested jury instruction constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the charge given to the jury; and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. See United States v. Guay , 108 F.3d 545, 550

3

(4th Cir. 1997). Johnson's proposed instruction fails to meet the first two of these requirements.

First, the proposed instruction was not correct. This Circuit has not recognized the "derivative entrapment" or"vicarious entrapment" doctrine. See United States v. Dove, 629 F.2d 325, 329 (4th Cir. 1980). The majority of circuits have explicitly rejected the doctrine. See United States v. Thickstun, 110 F.3d 1394, 1398 (9th Cir.) ("Only a government official or agent can entrap a defendant. . . . a principal wrongdoer, not knowingly working for the government cannot entrap his co-conspirator."), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3281 (U.S. Oct. 14, 1997) (No. 97-5097); see also United States v. Martinez, 979 F.2d 1424, 1432 (10th Cir. 1992) (listing cases); United States v. Toner, 728 F.2d 115, 127 (2d Cir. 1984) (finding that, where government induces a middleman, and the middleman takes it upon himself to induce another person to participate in a crime, the latter person is not entitled to derivative entrapment defense). But see United States v. Washington, 106 F.3d 983, 993 (D.C. Cir.) (recognizing "a limited form of the `derivative entrapment' theory . . . in which unwitting intermediaries--at the government's direction--deliver the government's inducement to a specified third party"), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3354 (U.S. Nov. 17, 1997) (No. 97-5423). Second, we find that the proposed instruction was substantially covered by the instruction given to the jury.

Johnson also claims that the district court erred in refusing to reduce her offense level under U.S. Sentencing Guidelines Manual § 3B1.2 (1995) for having a minor or minimal role in the offense. A four-level reduction may be given to a defendant who is a "minimal participant" and a two-level reduction may be given to a defendant who "is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). The court's determination is "heavily dependent upon the facts of the particular case," USSG § 3B1.2, comment. (backg'd), and is reviewed for clear error. United States v. Reavis, 48 F.3d 763, 768 (4th Cir. 1995). The defendant has the burden of convincing the court by a preponderance of the evidence that she is entitled to the adjustment. Id. at 769.

Johnson relies on application note 2 to § 3B1.2 which provides that the adjustment "would be appropriate . . . in a case where an individ-

4

ual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." However, this Court has "rejected the view . . . that a defendant's status as a `courier' in a drug importation scheme automatically entitles the defendant to a role in the offense adjustment." See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1997) (citing United States v. Gordon, 895 F.2d 932, 935-36 (4th Cir. 1990)), cert. denied, #6D 6D6D# U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884). Indeed,"even if the defendant were purely a courier having no knowledge of other aspects of the drug-dealing operation, the defendant might nonetheless be a highly culpable participant in the operation." United States v. White, 875 F.2d 427, 431 (4th Cir. 1989) (quoting United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989)). The district court found that Johnson's role in the offense was identical in nature to that of her co-defendants. Accordingly, we do not find that the denial of an adjustment for her role was clearly erroneous.

We therefore affirm Johnson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED