UNITED STATES of America,
Plaintiff—Appellee,

v.

Marco Antonio CORONA, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Marco Antonio Corona–Bracamontes,
Defendant—Appellant.

No. 01–10487, 01–10488.
D.C. No. CR–00–00064–DWH.
D.C. No. CR–00–00073–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided July 1, 2002.

Before GOODWIN, HAWKINS and
FISHER, Circuit Judges.

**34**

## MEMORANDUM *

Marco Corona–Bracamontes ("Corona") appeals his convictions for possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A); and unlawful possession of a firearm, 18 U.S.C. § 922(g)(1).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Corona contends that the district court erred in excluding as hearsay statements made to him by a government informant. The statements allegedly establish that the informant called Corona and asked if he would be interested in selling drugs to another dealer. When Corona refused, the informant insisted that he perform the sale in order to resolve both of their financial problems and to allow Corona, who was unemployed at the time, to sustain his drug habit. Corona contends that these statements bolstered his entrapment defense by showing that the informant's persistence ultimately persuaded him to participate in the transaction.

The defense of entrapment has two elements: (1) government inducement to commit the crime, and (2) absence of predisposition by the defendant. *United States v. Thickstun*, 110 F.3d 1394, 1396 (9th Cir.1997). The informant's statements are probative on the issue of government inducement, not for the truth of the out-of-court statements but to show the effect they had on Corona's state of mind. *See, e.g., United States v. Escobar de Bright*, 742 F.2d 1196, 1201 (9th Cir. 1984) (defendant's testimony regarding statements made to her out-of-court not hearsay but offered to establish her motivation for entering a conspiracy). The jury does not have to believe that the informant really wanted Corona to sell drugs, or that Corona in fact needed money to sustain his drug addiction. Because the jury is ultimately required to determine, not the veracity of the statements, but only whether Corona's natural, law-abiding will was overcome by the government, the district court erred in refusing to admit the statements of the informant.

The error prevented Corona from supporting his claim of entrapment. *See United States v. Thomas*, 134 F.3d 975, 980 (9th Cir.1998). Corona was not able to present evidence that the informant initially approached him, or that the informant insisted that he agree to the sale. Moreover, the restriction on his testimony, coupled with repeated hearsay objections from the government, undermined Corona's ability to present his defense in a complete and coherent fashion. The error was not harmless. *See United States v. Cantu*, 876 F.2d 1134, 1137 (5th Cir.1989).

The drug-related convictions are **REVERSED** and the matter is **REMANDED** for retrial. The conviction for unlawful reentry in violation of 8 U.S.C. § 1327(a) is **REMANDED** for resentencing.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Corona pleaded guilty to the charge of Unlawful Reentry of Deported Alien (8 U.S.C. § 1326(a)). His drug-related convictions and immigration charge were consolidated for sentencing purposes. The immigration charge is implicated on this appeal to the extent that we reverse his drug-related convictions and must therefore remand his immigration violation for resentencing.