**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50321 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00123-JVS-1 |
| v. | |
| HUNG XUAN DONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

Hung Xuan Dong appeals his conviction for distributing and conspiring to

distribute 3,4-methylenedioxymethamphetamine (MDMA), or ecstasy.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court properly denied Dong's request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).[1]

First, in large part, the four prior MDMA sales known to the government were not omitted from the warrant affidavits. And the affidavits also disclosed a number of other similar drug transactions involving similar quantities, rendering any omission cumulative.[2]

Second, any omission was not material. Inclusion of the omitted facts would have strengthened the government's showing of probable cause and necessity, by strengthening the argument that the wiretap was necessary to get an overall picture of the participants in and structure of a drug conspiracy.

As to Agent Cho's response at the co-defendant's motion hearing, we deem the pertinence of that statement to the *Franks* hearing waived. The statement was

---

[1] As a party to the intercepted telephone calls, Dong has standing to challenge the wiretap warrants. *See United States v. Oliva*, 705 F.3d 390, 395 (9th Cir. 2012) (citing 18 U.S.C. §§ 2510(11), 2518(10)(a)). Although the government asserts that Dong has not established his standing to challenge the warrants because he failed to submit a supporting declaration, it does not contend that Dong was not captured on the recordings or that it was not his phone that was tapped. Indeed, the government has consistently maintained that the relevant wiretaps were for Dong's phone and that his voice was captured discussing drugs.

[2] We *sua sponte* take judicial notice of the warrant affidavits, which were filed in a separate proceeding before the district court. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

available to the defendant before trial, but was not raised with the district court, as part of a renewed suppression motion or otherwise. Without any factual development, its materiality to the *Franks* issue is not apparent, because the timing of any sale in which Agent Cho was involved was not specified.

Thus, there was no substantial preliminary showing that Agent Cho recklessly or intentionally omitted material information from his affidavits.

**2.** The district court did not err in refusing to continue the hearing on Dong's motion for a *Franks* hearing. Contrary to his contention on appeal, Dong did not request or move for a continuance before the district court on this basis, and the district court did not rule on any such request.

**3.** The district court did not err in barring Dong from presenting a derivative entrapment defense at trial. This Circuit does not "recognize the theory of derivative entrapment." *United States v. Stewart*, 770 F.2d 825, 831 (9th Cir. 1985); *see also United States v. Thickstun*, 110 F.3d 1394, 1399 (9th Cir. 1997).

**4.** A plain error standard of review applies to the question whether the district court properly admitted the evidence of the five phone calls and related testimony, which Dong contends was improper evidence of prior bad acts under Federal Rule of Civil Procedure 404(b). *See United States v. Palmer*, 3 F.3d 300,

3

304 (9th Cir. 1993). Dong's objection to the admission of the phone call evidence did not occur contemporaneously with the admission of this evidence, and the objection, when made, was based on the purported invalidity of the wiretap warrants, not on any contention that the evidence was irrelevant and unduly prejudicial.

Even if an abuse of discretion standard did apply, the district court did not abuse its discretion in admitting the evidence of the five phone calls and related testimony as part of the government's case-in-chief. "We have uniformly recognized that [Rule 404(b)] is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). At the time the recordings were introduced, they were relevant to show Dong's predisposition to commit the charged crimes. At the time the tapes were admitted into evidence, the district court had already ruled that Dong could not put forth a derivative entrapment defense, but Dong's alternative theory of entrapment--that his co-defendant, Scott Petway, was a government agent or tool--remained an open question. In addition to clearly raising this theory in his opening statement, Dong

4

also attempted to develop it through his cross-examination of the government's witnesses.

Further, the tapes and related testimony were also relevant to show Dong's intent and knowledge, which were elements of the crimes at issue. *See United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009); *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc); *see also* Ninth Circuit Model Jury Instr. §§ 9.18, 9.19. The government bore the burden of proving these elements beyond a reasonable doubt, and this evidence was highly probative on the questions of intent and knowledge. *See United States v. Hadley*, 918 F.2d 848, 851-52 (9th Cir. 1990). Further, Dong made clear that these were contested issues.

**5.** Dong expressly waived the argument that the district court should have instructed the jury regarding Rule 404(b), rendering this issue unreviewable under the "invited error" doctrine. "If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable." *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

Here, "the record reflects that the defendant was aware of" the possible need for an instruction regarding Rule 404(b) evidence, "and yet relinquished his right to have it submitted to the jury." *Perez*, 116 F.3d at 845 ((discussing *United States*

*v. Baldwin*, 987 F.2d 1432, 1436-37 (9th Cir. 1993)). Although Dong at first agreed that the instruction was not necessary because no Rule 404(b) evidence had been offered, after the government specifically pointed out that the phone call recordings were such evidence, Dong continued to assert that the instruction should not be given. He explained that he wanted to keep the evidence out for tactical reasons, *i.e.*, he thought that including the instruction would support a belief that he had in fact committed other crimes or wrongful acts. Thus, unlike in *United States v. Alferahin*, 433 F.3d 1148 (9th Cir. 2006), where the attorney operated under a misapprehension of the law, the record here reflects an intentional relinquishment or abandonment of a known right. The error is therefore not reviewable.

**6.** Because the district court did not err, cumulative error analysis also does not support reversal. *See United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004) (citation omitted).

**7.** The district court did not err in denying Dong a downward adjustment at sentencing for acceptance of responsibility. *See United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010). We have recognized repeatedly that "a defendant who puts the government to its proof may still be eligible for a downward adjustment *if,*

6

*and only if*, he has 'otherwise demonstrated sincere contrition.'" *United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2012) (quoting *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002)) (emphasis added). The district court reasonably determined that Dong's portrayal of himself as an passive participant, who only participated in the scheme because he was pushed to do so, showed a lack of "sincere contrition." *See, e.g., United States v. Scrivener*, 189 F.3d 944, 948 (9th Cir. 1999); *United States v. Smith*, 905 F.2d 1296, 1301-02 (9th Cir. 1990), *superseded by statute on other grounds, as recognized in United States v. Flores*, 93 F.3d 587, 592 (9th Cir. 1996).

**AFFIRMED.**