**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2139
_____

UNITED STATES OF AMERICA

v.

VAUGHN SPENCER,
                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5:17-cr-00391-001)
District Judge:  Hon. Juan R. Sánchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 16, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Filed:  January 17, 2020)
_____

**OPINION**[*]
_____

KRAUSE, *Circuit Judge.*

Vaughn Spencer, a former mayor of Reading, Pennsylvania, was convicted of

multiple bribery and fraud offenses.  He appeals his sentence, arguing that the District

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Court misapplied two sentencing guidelines enhancements.  We discern no such error and so will affirm.

## DISCUSSION[1]

Spencer challenges the District Court's application of two enhancements: (A) an eight-level increase under U.S.S.G. § 2C1.1(b)(2) based on the "benefit received or to be received in return for" his attempt to bribe a city councilor to repeal a campaign contribution limit he had violated; and (B) a four-level increase under U.S.S.G. § 3B1.1(a) for his role as an "organizer or leader" of the bribery scheme.  Whether each was properly applied to Spencer's case is "predominantly fact-driven" in nature, and consequently we review for clear error.  *United States v. Richards*, 674 F.3d 215, 218–23 (3d Cir. 2012); *see United States v. Starnes*, 583 F.3d 196, 216–17 (3d Cir. 2009); *United States v. Ortiz*, 878 F.2d 125, 126–27 (3d Cir. 1989).  Because a review of the record does not leave us "with the definite and firm conviction that a mistake has been committed," *United States v. Batista*, 483 F.3d 193, 197 (3d Cir. 2007) (citation omitted), we will not disturb the District Court's sentence.

### A.     Benefit to Be Received

Spencer first challenges the District Court's finding that the "benefit . . . to be received," U.S.S.G. § 2C1.1(b)(2), from his efforts to bribe a city councilor was $93,500—that is, the amount of contributions Spencer's campaign had taken in beyond the limits of the ordinance he was attempting to have repealed.  He argues that because he was unsuccessful in securing the ordinance's repeal and because the local ethics board

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over Spencer's timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. 3742(a)(2).  As we write only for the parties, who are familiar with the background of this case, we need not reiterate the factual or procedural history.

ultimately allowed him to keep the excess contributions, "the only 'benefit' he stood to receive 'in return for' the bribe was the avoidance of the . . . $3,500 in fines and cost" that resulted from the ethics investigation. Appellant's Br. 23. Spencer's argument is legally and factually misguided.

Spencer's initial misstep is in conflating the outcome of a bribery scheme with its intended effect. What matters for purposes of U.S.S.G. § 2C1.1(b)(2) is what the defendant "intended to receive from criminal conduct," regardless whether anything results from the bribe. *United States v. Blagojevich*, 794 F.3d 729, 743 (7th Cir. 2015); *see United States v. Ellis*, 951 F.2d 580, 585 (4th Cir. 1991) (affirming the district court's calculation of the benefit to be received as including the value of a promised payment even though the promisor "later reneged on th[e] commitment"); *see also* U.S.S.G. § 2C1.1 background (emphasizing that the "object" of the bribe is what determines its estimated value). It is therefore irrelevant that, as Spencer repeatedly emphasizes, "the bribery scheme . . . fail[ed]" and "the ethics ordinance was not amended or repealed," Appellant's Br. 3. *Cf. United States v. Feldman*, 338 F.3d 212, 223 (3d Cir. 2003) ("[L]oss under the Sentencing Guidelines is determined by calculating the greater of actual *or intended* loss, and intended loss includes loss that was impossible." (emphasis added)).

Equally incorrect is Spencer's conflation of the object of an unlawful bribe with the possible outcomes of a lawful dispute resolution mechanism or legal proceeding. That Spencer may have been able to avoid disgorgement of the excess contributions by submitting to an ethics investigation does not alter the "object and nature of [the] bribe," U.S.S.G. § 2C1.1 background, which was to avoid the possibility of disgorgement altogether. *See* Appellant's Reply 7 (conceding that disgorgement was "one possible option on a menu of 'solutions'" arising from his campaign finance violations). As one

3

of our sister Circuits observed in an analogous context, even if Spencer "could have resolved" the issue through legal means, he "chose instead an illegal means and [is] bound by that choice." *United States v. Thickstun*, 110 F.3d 1394, 1400 (9th Cir. 1997).

Finally, from a factual standpoint, the record amply supports the District Court's findings that Spencer undertook the bribery scheme because he "hoped to retain the[] excess campaign contributions," App. 12 n.1. The Presentence Report explicitly stated that Spencer had devised the ordinance repeal scheme because he needed the funds to succeed in an upcoming election, and although Spencer objected to the accuracy of other portions of the PSR, he failed to dispute that characterization at sentencing. That failure is fatal to his argument, as the District Court was entitled to "rely on the facts set forth in the presentence report when their accuracy [wa]s not challenged." *United States v. Watkins*, 54 F.3d 163, 166–67 (3d Cir. 1995). Moreover, it defies credulity to suggest Spencer would have undertaken a personally and politically risky $1,800 bribe just to avoid having to pay $3,500 in administrative fines and costs. The District Court thus did not clearly err in imposing an eight-level enhancement based on the value of the campaign contributions Spencer hoped to retain once the ordinance was repealed.

## B. Organizer or Leader

Spencer also challenges the District Court's finding that he was an "organizer or leader," U.S.S.G. § 3B1.1(a), of the bribery schemes that resulted in his convictions. He advances three main arguments,[2] none of which is persuasive. He first argues that it was

---

[2] Spencer gestures toward, but does not develop, a fourth argument: that the leader-or-organizer enhancement was "duplicative" of the enhancement he received as an elected official pursuant to U.S.S.G. § 2C1.1(b)(3). *See* Appellant's Br. 4, 14. Even if that argument were properly before us, however, it would lack merit. Multiple sentencing enhancements may be applied in tandem so long as each "address[es] different sentencing concerns." *United States v. Wong*, 3 F.3d 667, 668 (3d Cir. 1993). That is certainly the case here: The leader-or-organizer enhancement recognizes that "persons

4

his campaign manager "who both organized and led the criminal activity." Appellant's Reply 10. But it is well settled that there may be "more than one person who qualifies as a leader or organizer of a criminal association," *United States v. Thung Van Huynh*, 884 F.3d 160, 170 n.4 (3d Cir. 2018) (quoting U.S.S.G. § 3B1.1 cmt. n.4), and here, there was ample evidence that Spencer directed his coconspirators, set the goals of the conspiracy, and ultimately approved the group's actions. Spencer next emphasizes that his staff often carried out the actual work of soliciting favors and offering bribes. We have made clear, however, that a defendant who "supervises a conspiracy's operation does not immunize himself from upward adjustment under § 3B1.1 just because he does not join in all of the mechanics . . . of the illegal enterprise," as "leaders and organizers often distance themselves from the actual implementation of the conspiracy," *United States v. Bass*, 54 F.3d 125, 129 (3d Cir. 1995).

Finally, Spencer emphasizes that his staff thought him to be "'clueless,' 'naïve,' and 'stupid'" and ultimately assisted federal officials in investigating him. Appellant's Br. 29. Yet none of the factors that go into deciding whether someone acted as a leader or organizer, *see Bass*, 54 F.3d at 128, requires intelligence, incisiveness, or the loyalty of subordinates. Given the extensive evidence that Spencer directed and approved his staff's unlawful activities, the District Court did not clearly err in applying a four-level enhancement under U.S.S.G. § 3B1.1(a).

## CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

---

who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it and . . . are more likely to recidivate," U.S.S.G. § 3B1.1 background, whereas the elected-official enhancement recognizes the unique "harm that is inflicted when the trust that the official betrays was conferred on him in an election," *United States v. Stevenson*, 834 F.3d 80, 84 (2d Cir. 2016) (citation omitted).